IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ADAM JAY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY and MATTHEW CATE,<br><br>    Respondents.<br>_____ | No. C 08-00845 CW |
| MATTHEW ADAM JAY,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY and ARNOLD SCHWARZENEGGER,<br><br>    Respondents.<br>_____/ | No. C 08-1998 CW<br><br>ORDER GRANTING RESPONDENTS' MOTIONS TO DISMISS AND CLOSING CASES |

    The above-captioned cases are petitions for writs of habeas corpus challenging 2006 and 2007 Board of Parole Hearings' (Board) decisions denying Petitioner parole.  Neither petition challenged the validity of the underlying conviction.  Respondents in the above-captioned cases move to dismiss the petitions as moot because Petitioner was released on parole on October 26, 2009 following adjudication of a state court case in which Petitioner challenged

the Governor's January 6, 2009 reversal of the Board's grant of parole.  In both cases, Petitioner has filed a statement of non-opposition and confirms that he has been released from custody.

"A case is moot when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496 (1969).  A habeas petition is moot after an inmate seeking release on parole is released on parole and he has not challenged the validity of the original conviction.  Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988).

By being released on parole, Petitioner received the due process that he requested in the captioned cases and there is no longer a "live" controversy between the parties.

Therefore, based on the fact that Petitioner has been released on parole, the motions to dismiss are granted.  No judgments shall enter because this order is not a ruling on the merits of the petitions.  The clerk shall close the case files.

IT IS SO ORDERED.

Dated: December 14, 2009

CLAUDIA WILKEN
United States District Judge

2